**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0141n.06

**No. 18-5789**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 22, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GARY G. PREWITT, II, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| HAMLINE UNIVERSITY, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SUTTON, WHITE, and DONALD, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

In this action alleging race and sex discrimination in education, Plaintiff-Appellant Gary G. Prewitt, II, challenges (1) the district court's decision to allow Defendant-Appellee Hamline University to file a motion for summary judgment after the deadline set in the case-management order, and (2) the district court's denial of Prewitt's Federal Rule of Civil Procedure 56(d) request to postpone ruling on Hamline's motion for summary judgment until Prewitt could take additional discovery. Because the district court did not abuse its discretion with respect to either decision, we affirm.

**I.**

**A.**

From September 2009 to February 2014, Prewitt was enrolled as an online graduate student at Hamline's School of Education. In November 2014, Hamline locked Prewitt out of its online

student computer system before Prewitt could complete the coursework required to obtain his degree. Prewitt filed this action against Hamline, asserting, among other claims, that Hamline unlawfully discriminated against him on the basis of his race in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), and on the basis of his sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). Hamline filed a motion to dismiss, and the district court granted the motion as to all claims except for Prewitt's race- and sex-discrimination claims arising out of Hamline locking him out of the online system. Prewitt has not challenged that decision.

**B.**

On April 20, 2017, the district court entered a case-management order requiring the parties to complete written discovery by September 15, 2017, complete fact depositions by September 29, 2017, and file dispositive motions by February 1, 2018.

On September 7, 2017, Prewitt filed a discovery statement complaining that Hamline had failed to timely serve responses to his requests for production and refused to designate a representative to be deposed under Federal Rule of Civil Procedure 30(b)(6).[1] That same day, Hamline complained to the district court that, among other things, Prewitt's discovery responses were deficient, Prewitt refused to submit to a deposition, and Prewitt improperly noticed the Rule 30(b)(6) deposition to be taken in Nashville, Tennessee, rather than St. Paul, Minnesota, Hamline's principal place of business.

On September 14, 2017, the magistrate judge held a telephone conference to discuss the discovery disputes, and on the same day entered an order requiring Hamline to designate its Rule 30(b)(6) witnesses by September 20, 2017, Prewitt to inform Hamline by September 20, 2017,

---

[1] Rule 30(b)(6) allows a party to depose an organization on particular matters through the testimony of one or more persons designated to speak on the organization's behalf.

2

whether he intended to take the Rule 30(b)(6) deposition in person, and the parties to submit supplemental discovery responses by September 29, 2017.  The magistrate judge ordered that the Rule 30(b)(6) deposition, if held in person, had to be conducted in St. Paul or Minneapolis, Minnesota.  Hamline designated Rule 30(b)(6) representatives on September 20, 2017, and served supplemental discovery responses on September 29, 2017.

## C.

The parties still had discovery disputes, so both filed motions to compel on October 6, 2017.  Hamline asked the court to order Prewitt to provide discovery on his alleged damages and submit to a deposition.  Prewitt complained that Hamline failed to provide responsive information to interrogatories and requests seeking, as relevant here, information on (1) the demographics of students who obtained degrees from Hamline, (2) prior discrimination complaints against Hamline, (3) Prewitt's full student file, (4) Hamline's financial aid policies, (5) any prior legal action against Hamline, and (6) any meetings discussing Prewitt.  Prewitt also complained that Hamline produced over 1,100 pages of discovery but failed to disclose the Bates-number ranges associated with certain interrogatories and discovery requests.  In response to Prewitt's motion, Hamline supplemented its discovery again on October 13, 2017.  In the supplemental production, Hamline (1) provided Bates-number ranges for the document requests identified by Prewitt in the motion to compel and (2) produced its financial aid policies and Prewitt's financial aid statement.  Hamline maintained that it provided the appropriate information on other student discrimination complaints and student demographics.

On January 3, 2018, the magistrate judge issued an order on the motions to compel.  The magistrate judge concluded that Hamline's supplemental production mooted many of the issues Prewitt raised in the motion to compel.  As to Prewitt's remaining objections to the discovery

responses, the magistrate judge concluded that those objections were vague and that Prewitt failed to articulate the bases for his objections. The magistrate judge required Prewitt to produce all responsive documents and evidence concerning his damages within seven days. The magistrate judge also granted Hamline's request to compel Prewitt's deposition, requiring Hamline to propose dates and times for the deposition within seven days and for Prewitt to respond within twenty-four hours. The magistrate judge extended the discovery deadlines in the case-management order to allow Prewitt to provide discovery responses and Hamline to take his deposition.

## D.

On January 12, 2018, Prewitt sought review of the magistrate judge's January 3, 2018, order. Prewitt argued that Hamline's supplemental discovery did not moot his requests because (1) Hamline did not provide Bates-number ranges applicable to certain requests, (2) Hamline provided the same Bates-number range for several requests, (3) Hamline provided demographic information and discrimination complaints only for Hamline's School of Education, and (4) Hamline did not provide information fully responsive to Prewitt's requests for information on meetings discussing Prewitt. Prewitt also complained that he was unable to take Hamline's Rule 30(b)(6) deposition.

On January 17, 2018, Hamline filed a motion for sanctions and to amend the case-management order. Hamline sought sanctions on the basis that Prewitt failed to comply with the court's order to provide full discovery concerning his damages. Hamline asked the district court to extend the deadline to file a dipositive motion beyond February 1, 2018, so that it could obtain the damages discovery and depose Prewitt before filing the motion.[2]

---

[2] In its order granting Hamline's motion for summary judgment, the district court denied this motion as moot.

On February 5, 2018, the district court denied Prewitt's motion to review the magistrate judge's January 3, 2018, order. Regarding Prewitt's objections that the magistrate judge had found vague, the district court agreed that Prewitt's objections were vague and that he failed to articulate a basis for the objections. Regarding Prewitt's objections found to have been mooted by Hamline's discovery supplement, the district court noted that Prewitt did not raise any issues with the supplemental production until his motion for review of the magistrate judge's decision filed on January 12, 2018, and concluded that new discovery issues should not be raised in a motion to review. The district court likewise held that Prewitt's Rule 30(b)(6) deposition arguments were not properly before it because they were not first raised before the magistrate judge. The district court returned the case to the magistrate judge to resolve the remaining discovery disputes.

**E.**

On February 12, 2018, Prewitt filed a motion to amend the case-management order to allow him time to take the Rule 30(b)(6) depositions of the Hamline representatives. Prewitt argued that Hamline's incomplete written-discovery production prevented him from taking the Rule 30(b)(6) deposition. On March 13, 2018, the magistrate judge denied Prewitt's motion to amend the case-management order, finding that Prewitt had not demonstrated good cause for extending the deadline to conduct the Rule 30(b)(6) deposition. The magistrate judge noted that Prewitt had not raised any issues with Hamline's October supplement until the motion to review, and that in his motion to amend the case-management order, Prewitt had not identified any remaining issues with the supplemental production and made only conclusory assertions that the production was incomplete. Finally, the magistrate judge noted that Prewitt failed to explain why he was unable to notice the Rule 30(b)(6) depositions after Hamline designated its representatives in September. On March 27, 2018, Prewitt sought review of the magistrate judge's order. The district court

denied Prewitt's motion to review, concluding that the magistrate judge did not commit a clear error.

**F.**

Hamline filed a motion for summary judgment on March 12, 2018, after the deadline for dispositive motions. The next day, the magistrate judge set a briefing schedule for the motion. Shortly thereafter, Prewitt filed a motion for the district court to review the magistrate judge's order setting a briefing schedule. Prewitt pointed out that the magistrate judge had not considered whether Hamline had good cause to file its motion after the dispositive-motion deadline. That same day, the magistrate judge issued an order for Hamline to show cause why it filed the motion for summary judgment after the deadline.

Hamline filed a response to the order to show cause in which it explained that: (1) it had filed a motion to amend the case schedule on January 17, 2018, before the deadline, (2) it was unable to timely depose Prewitt because Prewitt failed to fully comply with the magistrate judge's January 3, 2018, order to provide damages discovery, (3) after the district court stated that the trial date would not be moved, Hamline deposed Prewitt on February 23, 2018, without the benefit of that discovery, and (4) it filed the motion for summary judgment shortly after Prewitt's deposition.

On March 30, 2018, the district court affirmed the magistrate judge's March 13, 2018, order setting a briefing schedule for the motion for summary judgment. The district court declined to address Prewitt's objections to the late filing of the motion in order to allow the magistrate judge to rule on the show-cause order. The district court notified the parties that the briefing schedule on the motion for summary judgment was not stayed pending the magistrate judge's resolution of the show-cause order.

## G.

On April 9, 2018, Prewitt filed a response to the motion for summary judgment in which he reiterated his argument that Hamline's motion for summary judgment was untimely and should not be accepted. Prewitt also filed a declaration from his counsel pursuant to Federal Rule of Civil Procedure 56(d) and argued that the district court should defer consideration of the motion, or deny it, because Prewitt lacked the discovery necessary to oppose the motion. Prewitt contended that Hamline had prevented him from taking the Rule 30(b)(6) deposition and that Hamline's supplemental discovery responses did not fully address the deficiencies that Prewitt identified in his October motion to compel.[3] In the Rule 56(d) declaration, Prewitt's counsel stated that Prewitt had not received the following: (1) the Bates numbers of the documents corresponding to each document request, (2) full information pertaining to the complaint Prewitt lodged with Hamline, (3) all documents pertaining to an assignment Prewitt submitted in order to graduate, (4) all documents and a full interrogatory answer pertaining to the factual basis of Hamline's statement in its answer that Prewitt received fair treatment, (5) all documents pertaining to Hamline's defenses that its conduct was legitimate and that Prewitt failed to mitigate damages, (6) the Bates numbers corresponding to Hamline's financial aid policies and procedures, (7) all information regarding discrimination complaints brought by students against Hamline, (8) all information concerning the demographics of students enrolled in Prewitt's degree program and students having a master's degree conferred upon them by Hamline, and (9) all information pertaining to Hamline's

---

[3] Prewitt did not address the motion for summary judgment on the merits, except to point out that when the district court ruled on the motion to dismiss, it noted that Hamline had not challenged that locking Prewitt out of its system was an adverse action.

involvement in other legal actions. Prewitt's counsel also complained that there was no testimony from a Hamline representative on a number of relevant issues.

On May 23, 2018, the magistrate judge entered an order holding that Hamline established good cause to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and that the motion for summary judgment therefore was considered timely. The magistrate judge found that Hamline diligently sought discovery to prepare for Prewitt's deposition and had moved to extend the dispositive motion deadline after it became apparent that the discovery delays would make its motion for summary judgment untimely. On June 5, 2018, Prewitt sought review of that order.

**H.**

On June 27, 2018, the district court entered an order (1) affirming the magistrate judge's May 23, 2018, order finding good cause and (2) granting Hamline's motion for summary judgment. The district court affirmed the magistrate judge's finding of good cause because Hamline delayed Prewitt's deposition due to Prewitt's untimely and inadequate responses to Hamline's discovery requests related to damages. The district court also denied Prewitt's Rule 56(d) request for additional discovery. The district court noted that it (and the magistrate judge) had previously ruled on Prewitt's objections to Hamline's discovery responses, and it was unclear what further discovery Prewitt sought. The district court further noted that Prewitt never noticed the Rule 30(b)(6) deposition after the magistrate judge's September ruling. The district court also found that "[t]here is no evidence that the requested discovery would change the summary judgment ruling," and that Hamline had been "reasonably responsive to Prewitt's discovery requests." (R. 109, PID 1211.) Noting that Prewitt neither responded to Hamline's statement of undisputed facts nor opposed the summary judgment motion on the merits, the district court

granted the motion for summary judgment on the basis that Prewitt did not establish a prima-facie case of race or gender discrimination.[4]

## II.

Prewitt first challenges the district court's decision to accept Hamline's motion for summary judgment as timely, although filed after the deadline set in the case-scheduling order.

"We review for abuse of discretion a district court's decision to amend its scheduling order to allow a late filing." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004). A district court may modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (providing that a district court may grant an extension request for "good cause" when the request is made before expiration of the applicable deadline). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted). A court should also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order. *Id.*

The district court did not abuse its discretion in concluding that Hamline had established good cause to extend the dispositive-motion deadline and accepting Hamline's motion as timely. The district court's finding that Hamline was diligent is not clearly erroneous. In response to Hamline's motion to compel damages discovery, the magistrate judge's January 3, 2018, order compelled Prewitt to produce discovery concerning his damages. As the district court noted in its

---

[4] Prewitt has not contested this merits determination on appeal.

opinion on summary judgment, Prewitt's subsequent discovery response was "inadequate" and delayed Prewitt's deposition further. (R. 109, PID 1208.) On January 17, 2018, Hamline reasonably sought an extension of the February 1, 2018, deadline in light of Prewitt's inadequate response. While that request was pending, Hamline took Prewitt's deposition and moved for summary judgment shortly thereafter.

Prewitt summarily argues that treating the motion for summary judgment as timely was "grossly unjust" (Appellant's Br. at 15), but fails to identify how he was prejudiced by the late filing. Indeed, in response to Hamline's request to extend the dispositive-motion deadline, Prewitt stated that he "d[id] not object to the case schedule being extended," and pointed out that he had likewise filed a motion to extend deadlines. (R. 78, PID 682.) In sum, it was not clearly erroneous to find that Hamline diligently tried to meet the deadline but was impeded by inadequate damages discovery. *See Andretti*, 426 F.3d at 830 (holding that district court correctly determined that the defendant had good cause for late filing because plaintiff did not complete compelled discovery response until after the dispositive-motion deadline).

## III.

Prewitt also challenges the district court's decision to grant Hamline summary judgment without affording him the additional discovery he requested under Rule 56(d).

We review a district court's decision on a Rule 56(d) request for additional discovery under an abuse-of-discretion standard. *In re Bayer Healthcare & Merial Ltd. Flea Control Prod. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014). Again, "[a] district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *Cline*, 362 F.3d at 348. Stated differently, this court "may only reverse [the district court's ruling] upon a finding that the ruling was arbitrary,

unjustifiable, or clearly unreasonable." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 624 (6th Cir. 2014).

> Rule 56(d) provides:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). To determine whether the district court abused its discretion by denying a request under Rule 56(d), this court considers:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995) (internal citations omitted).

In his opposition to summary judgment and accompanying declaration from counsel, Prewitt claimed that he lacked (1) certain written discovery that he sought in his October 2017, motion to compel and (2) Rule 30(b)(6) deposition testimony from a Hamline representative. But it is unclear what specific discovery Prewitt claimed to lack. Neither in his opposition to the motion for summary judgment and accompanying declaration nor in his briefing on appeal does Prewitt specifically identify the essential discovery he lacked. His counsel's Rule 56(d) declaration lists a number of items for which Hamline "provided incomplete, if any, documents" or "produced incomplete, if any, information," but in each instance his counsel notes that "[t]his issue was found moot by the [magistrate judge's] order of January 3, 2018," due to Hamline's

11

supplemental discovery.[5]  (R. 99, PID 1133-36.)  Prewitt did not go on to explain why the supplemental discovery was inadequate, and he failed to identify what discovery he still sought. Without this information, Prewitt in effect made only general and conclusory requests, which the district court did not abuse its discretion by denying.  *See La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 334 (6th Cir. 2010) ("It is not an abuse of discretion for the district court to deny the discovery request when the party makes only general and conclusory statements [ ] regarding the need for more discovery . . . ." (internal quotation marks omitted)).  Moreover, to the extent Prewitt claims, without support, that Hamline failed to produce all responsive documents, "'[m]ere speculation that there is some relevant evidence not yet discovered will never suffice.'" *Saulsberry v. Fed. Exp. Corp.*, 552 F. App'x 424, 427 (6th Cir. 2014) (quoting 11 Moore, et al., Moore's Federal Practice § 56.102 [2] (2012)).[6]

---

[5] The declaration also complains that Hamline produced 1,100 documents but failed to provide the corresponding Bates numbers for every request.  However, Prewitt has not explained why he was unable to review the documents produced by Hamline and identify which were relevant to his specific requests.

[6] It appears that the only instance in the record where Prewitt explains the supplemental production's deficiencies is in his motion to review the magistrate judge's order in January 2018.  There, other than raising Bates-number objections, Prewitt made the following complaints: (1) Hamline produced discovery related to discrimination complaints only at the School of Education although he asked for complaints at the entire university; (2) Hamline provided information on suits against it only with respect to the School of Education, not the entire university; (3) Hamline failed to provide contact information associated with individuals who were identified as terminating Prewitt's access and determining Prewitt's grade in a course; and (4) Hamline failed to provide adequate information concerning its defenses. However, as to the first and second objections, the magistrate judge, concluding that the issues were rendered moot by the supplemental production, implicitly found that Hamline's responses limited to the School of Education were adequate.  As to the third objection, the magistrate judge noted that the witnesses were properly identified on the Rule 26 initial disclosures and that Prewitt had to contact those individuals through Hamline's counsel.  Notably, Prewitt does not appear to be challenging these decisions on appeal, and there is no reason to disturb these conclusions.  Finally, as to the fourth objection, the district court granted summary judgment on the basis that Prewitt had not established a prima-facie case of race or sex discrimination, so any discovery concerning Hamline's defenses would not have changed that result.

Prewitt also appears to complain that Hamline did not produce all responsive documents but does not identify why he believes there are unproduced responsive documents.  As stated above, Prewitt must identify what discovery he believes is lacking, and he has not done so.  Moreover, Prewitt never specifically raised these issues again after the district court remanded for the magistrate judge to consider them first.

In his opposition to summary judgment and Rule 56(d) declaration, Prewitt identified the lack of testimony from a Hamline representative on a number of issues. Analyzing the *Plott* factors, we find no abuse of discretion in the district court's denial of Prewitt's request to conduct a Rule 30(b)(6) deposition before having to respond to the motion for summary judgment. The first factor—when Prewitt first learned of the issue—supports the district court's decision. The parties disputed the location and scope of the Rule 30(b)(6) deposition as early as August 2017, and it was resolved by the magistrate judge in September 2017. Prewitt knew he needed the testimony of a Hamline representative, and sought that testimony months before Hamline filed its motion for summary judgment. Prewitt never noticed the deposition after the magistrate judge's order.

The second *Plott* factor—whether the discovery sought would change the outcome—is unclear. The district court held that Prewitt could not establish a prima-facie case of race or gender discrimination because (1) he did not show he was excluded from a federally financed program (Title IX claim), (2) he did not show he attempted to take classes again and was barred, and (3) the person who changed his status to inactive did not know of Prewitt's race or gender and changed white and female students' statuses to inactive as well.[7] Prewitt has not suggested that the deposition would have elicited testimony that would have established his prima-facie case. Nevertheless, it is conceivable that the Rule 30(b)(6) deposition could have elicited testimony on these topics, although perhaps unlikely given that Prewitt could not establish these facts after receiving written discovery.

---

[7] On summary judgment, Hamline presented a declaration from the person who terminated Prewitt's access in which she states that at the time she changed Prewitt's status to inactive, she did not know Prewitt's race, had not seen his picture, and had never met or communicated with Prewitt. She further declares that she changed the status of other students, which included white and female students.

The third *Plott* factor also supports the conclusion that the district court did not abuse its discretion. The original discovery period was about five months, and the magistrate judge allowed supplemental discovery and Prewitt's deposition after that period expired. That time period was reasonable. *Cf. Jordan v. City of Detroit*, 557 F. App'x 450, 456 (6th Cir. 2014) (holding that seven-month period was a reasonable timeframe to conduct discovery).

The fourth *Plott* factor supports the district court as well. After the parties disagreed on the location of the Rule 30(b)(6) deposition, the magistrate judge resolved the issue in September 2017 by requiring Hamline to designate one or more representatives and requiring Prewitt to inform Hamline whether the deposition would be taken in person, and ordering that if taken in person, the deposition be conducted in Minnesota. Hamline thereafter timely designated its representatives. However, as the district court noted, Prewitt never noticed the Rule 30(b)(6) deposition after the magistrate judge's order. Instead, Prewitt waited until January 2018 to raise the Rule 30(b)(6) deposition as an issue. The magistrate judge later denied Prewitt's request to amend the case-management order to conduct the deposition because Prewitt did not explain why he was unable to take the deposition earlier, and the district court affirmed that decision. Prewitt maintains that he did not depose Hamline because Hamline's written discovery responses and production were incomplete. However, Prewitt has not identified what written discovery he lacked after Hamline supplemented its responses. Moreover, Prewitt's contention is belied by the fact that he did not raise the Rule 30(b)(6) deposition as an issue in his October 2017 motion to compel. In sum, the district court did not err in finding that Prewitt did not diligently pursue his request to depose a Hamline representative.

Finally, the fifth *Plott* factor—Hamline's responsiveness to discovery requests—also tends to support the district court's decision to deny additional discovery. Hamline provided a number

14

of documents and interrogatory responses; Hamline supplemented its discovery twice to respond to Prewitt's concerns; and the district court concluded that Hamline satisfied its discovery obligations.  In light of these facts, it was not clearly erroneous for the district court to conclude that "Hamline ha[d] been reasonably responsive to Prewitt's discovery requests (at the very least, there is no evidence of any evasiveness by Hamline)."  (R. 109, PID 1211.)

In all, these factors support that the district court did not abuse its discretion by denying Prewitt's Rule 56(d) request for a Rule 30(b)(6) deposition.

**IV.**

For the reasons stated above, we AFFIRM the district court's decisions to treat the summary-judgment motion as timely and deny Prewitt's Rule 56(d) request for additional discovery before summary judgment.